CHARLES W. NUDELMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LUCIANO CONTI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 79126, 79793.    Promulgated November 5, 1936.

*Benjamin Mahler, Esq.*, for the petitioners.
*James H. Yeatman, Esq.*, for the respondent.

30

OPINION.

SMITH: In these proceedings the petitioners contend that they are entitled to deduct from their gross incomes of 1932 under section 115 (c) of the Revenue Act of 1932, losses sustained by them upon the liquidation of the Nudcon Holding Corporation. Section 115 (c) provides in material part as follows:

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. * * *

The respondent, on the other hand, contends that the loss may not be deducted by reason of the provisions of section 112 (e) of the Revenue Act of 1932.

The portion of section 112 upon which the respondent relies provides as follows:

SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) GENERAL RULE.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) EXCHANGES SOLELY IN KIND.—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more

persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

\*     \*     \*     \*     \*     \*     \*

(e) LOSS FROM EXCHANGES NOT SOLELY IN KIND.—If an exchange would be within the provisions of subsection (b) (1) to (5), inclusive, of this section if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain or loss, but also of other property or money, then no loss from the exchange shall be recognized.

The position of the respondent is stated in his deficiency notice to Nudelman as follows:

It appears that what actually happened was that at one and the same time you surrendered all your holdings in the Nudcon Company, or 25 shares, and received in exchange all of the stock of the Familnud Corporation and cash and property having an admitted value of $2,258.32. Both events took place simultaneously as part of one plan. The method by which the exchange was accomplished or the form of the transaction is immaterial. The substance must determine the taxable status and as to that there can be no question.

Although there is no question but that the steps taken by the petitioners in effecting the dissolution of the Nudcon Holding Corporation had the effect of postponing the deduction of losses on their shares of stock in the Nudcon Holding Corporation, represented by the 22 shares turned over by petitioner Nudelman to the Familnud Corporation and by petitioner Conti to the Lucianna Corporation, to a future year, we are of the opinion that the steps taken may not be ignored. Thus in the case of *Minnie C. Brackett, Administratrix*, 19 B. T. A. 1154 (affd., C. C. A., 7th Cir., 57 Fed. (2d) 1072), certain assets were sold to a corporation and a check for the purchase price was issued by the corporation to the seller. The check was then endorsed and turned back to the corporation as a subscription for its stock. The entire procedure had been planned beforehand. The taxpayers there contended that no sale was contemplated but that the assets were intended to be turned in for the stock and that substance rather than form should govern. The Board held that: What is actually done fixes the tax liability and not what might have been done, even though the same result in the end might have been reached in another way or by another process." To the same effect see *W. A. Hoult*, 23 B. T. A. 804; *James E. Wells*, 29 B. T. A. 222; *Daisy M. Ward et al., Executors*, 29 B. T. A. 1251; affd., *Helvering* v. *Ward* (C. C. A., 8th Cir.), 79 Fed. (2d) 381; *Harry T. Rollins*, 34 B. T. A. 319; *Chisholm* v. *Commissioner* (C. C. A., 2d Cir.), 79 Fed. (2d) 14; certiorari denied, 296 U. S. 641. Whether a contract as made and

carried out consists of one or more transactions is a question of fact to be determined from the evidence. *Helvering* v. *Ward, supra.* We have found as a fact that the transactions which took place on December 28 were separate and distinct from those which took place on December 29.

The contention of the respondent, that the petitioners exchanged their shares of stock in the Nudcon Holding Corporation for all of the shares of stock of the two newly created corporations, and stocks, bonds, and cash of a value to each petitioner of $2,258.32, is not borne out by the evidence. Nudelman, on December 28, 1932, exchanged 22 shares of his Nudcon stock for all of the shares of stock of the Familnud Corporation, and Conti, on the same date, exchanged 22 shares of Nudcon stock for all of the shares of stock of the Lucianna Corporation. Any gains or losses resulting from such exchanges are not to be recognized for income tax purposes under section 112 (b) of the statute above quoted. These exchanges were independent of those which took place on December 29. The Nudcon Holding Corporation was not a party to them. After the exchanges of December 28, each of the petitioners owned three shares and each of the newly created corporations owned 22 shares of the Nudcon Holding Corporation. On December 29 the Nudcon Holding Corporation distributed to its stockholders all of its assets pro rata and was immediately dissolved. The cost basis of the three shares of Nudcon Holding Corporation owned by each of the petitioners on December 29, was $9,141.42. Upon the liquidation of Nudcon each of the petitioners received the equivalent of $2,258.32. The transaction falls under section 115 (c), above quoted. Each of the petitioners sustained a deductible loss of $6,883.10.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*